**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>    v.<br><br>SERGIO ALEJANDRO AVALOS<br>MARTINEZ, AKA Sergio A. Avalos,<br>AKA Jose Campos, AKA Sergio<br>Alejandro Avalos,<br><br>              Defendant - Appellant. | No. 09-50357<br><br>D.C. No. 2:09-cr-00120-AHM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Sergio Alejandro Avalos Martinez appeals from the 60-month sentence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Avalos Martinez contends that the district court procedurally erred at sentencing by failing to address his nonfrivolous arguments in support of a lower sentence. Avalos Martinez further contends that his sentence is substantively unreasonable because: (1) the applicable Guidelines range overemphasizes the seriousness of his criminal history; and (2) the sentence results in unwarranted sentence disparities. The record reflects that the district court did not procedurally err, and that, in light of the totality of the circumstances, the sentence below the Guidelines range is not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *see also United States v. Vasquez-Landaver*, 527 F.3d 798, 804-05 (9th Cir. 2008) (holding that the district court did not err by declining to impose the sentence that the defendant would have received pursuant to a fast-track plea agreement that the defendant had rejected).

We remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera-*

*Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED; REMANDED to correct the judgment.**

3